**AFFIRM; Opinion Filed February 27, 2013**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00011-CV

**WOL+MED SOUTHWEST DALLAS LIMITED PARTNERSHIP, Appellant**

**V.**

**DALLAS CENTRAL APPRAISAL DISTRICT, Appellee**

**On Appeal from the 116th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-10-05574**

## MEMORANDUM OPINION
Before Justices Moseley, Francis, and Lang
Opinion by Justice Francis

In this property tax suit, Wol+Med Southwest Dallas Limited Partnership appeals the trial court's take-nothing summary judgment in favor of Dallas Central Appraisal District. In a single issue, appellant asserts summary judgment was improper because a fact issue exists on whether the appraised value of the property was unequal and excessive. We affirm.

Appellant owns property on Marvin D. Love Freeway in the City of Dallas. Appellee appraised the property at $1,299,880, and appellant filed a protest with the Appraisal Review Board. The ARB dismissed the protest, and appellant filed this suit alleging the appraisal value is both unequal and excessive. *See* TEX. TAX CODE ANN. §§ 42.01(1)(A) (right of appeal by property owner); 42.25 (remedy for excessive appraisal); and 42.26 (remedy for unequal appraisal).

Appellee filed a motion for summary judgment asserting that, after adequate time for discovery and in the absence of compliance with Texas Rule of Civil Procedure 194.2(f)(4) regarding requests for disclosure, no evidence showed the appraised value of the property was excessive or unequal for the tax year in question. Appellant filed a response quoting portions of appellant's response to the request for disclosure, including information from expert Randall D. Smith. Attached to the response was Smith's affidavit. In his affidavit, Smith asserted he had personal knowledge of the facts alleged in the response and swore that the "following statements in support of [the response]" are true and correct: (1) he is the property manager and tax representative for appellant, (2) he sent responses to appellee's request for disclosure, (3) all taxes have been paid in the amount due, and (4) the facts recited in the response are "based upon my own personal research, review, and recollection." No exhibits were attached to the affidavit. The trial court granted the motion and ordered a take-nothing judgment in appellee's favor.

A no-evidence motion for summary judgment is proper if, after adequate time for discovery, the movant shows that the nonmovant has produced no evidence of one or more essential elements of the claims for which the nonmovant would bear the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008). To defeat such a motion, the nonmovant must produce summary judgment evidence raising a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Hamilton*, 249 S.W.3d at 426. A genuine issue of material fact exists if the nonmovant produces more than a scintilla of evidence establishing the existence of the challenged element. *Fort Worth Osteopathic Hosp., Inc. v. Reese*, 148 S.W.3d 94, 99 (Tex. 2004).

Proper summary judgment evidence consists of affidavits, admissions, stipulations of the parties, authenticated or certified public records, deposition transcripts, and interrogatory

answers. *Bakali v. Bakali*, 830 S.W.2d 251, 256 (Tex. App.—Dallas 1992, no writ.). Generally, pleadings are not competent evidence, even if sworn or verified. *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer*, 904 S.W.2d 656, 660 (Tex. 1995). A response to a motion for summary judgment is a pleading and may not itself be considered summary judgment evidence. *Liggett v. Blocher*, 849 S.W.2d 846, 852 (Tex. App.—Houston [1st Dist.] 1993, no writ). Further, a party may not support its response to a motion for summary judgment with a document in the form of an affidavit in which the party attempts to verify the truth and correctness of all "allegations and facts" in the response. *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 886 (Tex. App.—Dallas 2011, pet. denied). Such a document amounts to nothing more than a verified responsive pleading, which is not competent summary judgment evidence. *Id.*

On appeal, appellant claims a fact issue exists on whether the appraised value of the property was excessive and unequal and directs us to the following statement quoted in the body of its response to the motion for summary judgment: "Smith will testify that the appraisal values of the properties at issue in this case do not reflect the true, correct, and accurate 'market value[s];' furthermore, Smith will testify that the individual characteristics of the subject properties at issue in this case indicate market values closer to those stated by Smith."[1]

As noted above, a response is not summary judgment evidence. Further, to the extent appellant suggests Smith's affidavit verified the information contained in the response, Smith did not specifically swear the statements made in the response were true and correct. And even if he had, such a document is nothing more than a verified pleading. Finally, even if we were to conclude appellant's evidence was proper and competent proof, nothing in the statement raises a fact issue on whether the appraised value was unequal or excessive. Although the statement

---

[1] Although the statement references "properties," appellant's petition alleges only one property.

asserts Smith would testify the value is not true, correct and accurate, it does not say anything about what Smith believes the market value is and whether the appraised value is excessive or unequal. Moreover, Smith's affidavit did not contain any opinion regarding the value of the property and whether the appraised value is excessive or unequal. Because we conclude appellant has not raised a fact issue, the trial court did not err in granting summary judgment in appellee's favor. We overrule the sole issue.

We affirm the trial court's judgment.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

120011F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WOL+MED SOUTHWEST DALLAS
LIMITED PARTNERSHIP, Appellant

No. 05-12-00011-CV     V.

DALLAS CENTRAL APPRAISAL
DISTRICT, Appellee

On Appeal from the 116th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-10-05574.
Opinion delivered by Justice Francis;
Justices Moseley and Lang participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee DALLAS CENTRAL APPRAISAL DISTRICT recover its costs of this appeal from appellant WOL+MED SOUTHWEST DALLAS LIMITED PARTNERSHIP.

Judgment entered February 27, 2013.

/Molly Francis/
MOLLY FRANCIS
JUSTICE