**Affirmed and Memorandum Opinion filed December 21, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00521-CV

### ROBERT S. BENNETT, Appellant

### V.

### COMMISSION FOR LAWYER DISCIPLINE, Appellee

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2013-56866**

## M E M O R A N D U M     O P I N I O N

In this attorney disciplinary case, we previously remanded for the trial court to reconsider the appropriate sanction. Appellant Robert S. Bennett appeals from a final judgment signed following a new sanctions hearing. The trial court ordered that Bennett be suspended for a period of two years, six months, and three days, including two years and three days of active suspension and six months of probated suspension.

In his first issue, Bennett argues that there is factually insufficient evidence to support the trial court's decision to impose the partially probated suspension. In his second issue, Bennett asserts that the trial court abused its discretion when it imposed that suspension on him. We overrule these issues because Bennett has not demonstrated that the length of the suspension was an abuse of the trial court's discretion to impose an appropriate suspension for engaging in professional misconduct.

In his third issue, Bennett contends that the Commission's attorney engaged in misconduct during the trial that tainted the proceedings to such an extent that "no sanction should be imposed upon him." Bennett has failed to point to where in the record (1) the alleged misconduct occurred, (2) he objected to that misconduct, and (3) he obtained a ruling on that objection. We overrule this issue because Bennett failed to preserve error regarding the alleged misconduct by the Commission's attorney. We therefore affirm the trial court's judgment.

## BACKGROUND

As mentioned above, we have seen this matter before. *See Bennett v. Commission for Lawyer Discipline*, 489 S.W.3d 58 (Tex. App.—Houston [14th Dist.] 2016, no pet.). We remanded "the case to the trial court for reconsideration of the appropriate sanction to be imposed on Bennett as a result of his violation of only Rule 3.02 of the Texas Disciplinary Rules of Professional Conduct." *Id.* at 75. The trial court did not hear additional evidence during the ensuing sanctions hearing. Instead, the trial court based its sanction decision on the record from the initial bench trial as well as additional argument of counsel, including Bennett appearing pro se. After hearing argument from both sides, the trial court ordered that Bennett be suspended for a period of two years, six months, and three days, including two years

2

and three days of active suspension and six months of probated suspension.[1]  This appeal followed.

Our previous opinion includes the pertinent background facts and we do not repeat those here.  *See id.* at 63–65.  Instead, we proceed directly to a resolution of Bennett's issues.

**ANALYSIS**

In our previous opinion, we affirmed the trial court's determination that Bennett violated Rule 3.02 of the Texas Disciplinary Rules of Professional Conduct.  *Id.* at 72.  Although Bennett spends much time in this appeal re-arguing the question whether he engaged in professional misconduct violating Rule 3.02, that determination was affirmed in the first appeal, is not at issue in this second appeal, and will not be revisited.  *See Paradigm Oil, Inc. v. Retamco Operating, Inc.*, 372 S.W.3d 177, 182 (Tex. 2012).  We therefore examine only Bennett's challenges to the sanction imposed by the trial court on remand.

## I.    The trial court did not abuse its discretion when it imposed a partially probated suspension on Bennett.

In his first issue, Bennett argues there is factually insufficient evidence to support the sanction imposed by the trial court.  In his second issue, Bennett asserts that the trial court abused its discretion when it imposed the partially probated suspension as a sanction.  Because the proper standard to review a trial court's assessment of sanctions for an attorney's professional misconduct is abuse of discretion, we address these issues together.  *See* Tex. Rules Disciplinary P. 3.09 ("If the court finds that the Respondent's conduct does constitute Professional Misconduct, the court shall determine the appropriate Sanction or Sanctions to be imposed."); *Allison v. Commission for Lawyer Discipline*, 374 S.W.3d 520, 527

---

[1] The six-month period of probated suspension ended on December 31, 2017.

(Tex. App.—Houston [14th Dist.] 2012, no pet.) ("Nonetheless, we shall construe Allison's contention liberally as a challenge to the extent of the imposed sanctions.").

A trial court has broad discretion to determine the consequences of professional misconduct. *Eureste v. Comm'n for Lawyer Discipline*, 76 S.W.3d 184, 202 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The judgment of the trial court in a disciplinary proceeding may be so light, or so heavy, as to amount to an abuse of discretion. *Id.* A reviewing court may only reverse the trial court's decision assessing sanctions for professional misconduct if an abuse of discretion is shown. *Id.* A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding principles. *Id.*

Sanctions for professional misconduct may include disbarment, resignation in lieu of disbarment, suspension for a certain term, probation of suspension, interim suspension, public reprimand, and restitution. *See* Tex. Rules Disciplinary P. 3.10 (excluding indefinite disability suspension and private reprimand as possible sanctions); 3.12 (requiring restitution in certain cases of professional misconduct); *Eureste*, 76 S.W.3d at 201–02 (listing potential sanctions). In determining the appropriate sanction for attorney misconduct, a trial court must consider: (1) the nature and degree of the professional misconduct; (2) the seriousness of and circumstances surrounding the misconduct; (3) the actual or potential loss or damage to clients; (4) the damage to the profession; (5) the assurance that those who seek legal services in the future will be insulated from the type of misconduct found; (6) profit to the attorney; (7) the avoidance of repetition; (8) the deterrent effect on others; (9) the maintenance of respect for the legal profession; (10) Bennett's conduct during the course of the entire disciplinary action against him; (11) the trial of the case; and (12) any other relevant evidence concerning the attorney's personal

4

and professional background. Tex. Rules Disciplinary P. 3.10; *Eureste*, 76 S.W.3d at 202. A trial court is not required to find that every Rule 3.10 factor has been satisfied before ordering a sanction. *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 889 (Tex. App.—Dallas 2011, pet. denied). A single violation of one disciplinary rule is enough to support a sanction suspending an attorney. *See Izen v. Comm'n for Lawyer Discipline*, 322 S.W.3d 308, 323 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (holding that any "one of the jury's findings of violations of the Rules is sufficient to support the judgment of suspension").

We begin by pointing out that the same evidence supporting the now-final determination that Bennett violated Rule 3.02 also supports the sanction assessed. *See id.* Additionally, the record reflects that the trial court considered the Rule 3.10 factors when it decided what sanction to assess against Bennett. Based on the record evidence, it was within the trial court's discretion to conclude that Bennett's misconduct toward his client, Gary Land, was particularly serious and damaging because it significantly delayed the resolution of their fee dispute and dramatically increased the cost Land incurred as a result. Bennett's misconduct included appealing the confirmed arbitration award in favor of Land regarding their fee dispute despite having agreed not to do so, delaying execution of the judgment against him, and suing Land for fraudulently inducing Bennett into accepting Land as a client. *See Bennett*, 489 S.W.3d at 69–72.

The trial court also considered the possibility that Bennett might repeat his misconduct toward another client in the future. There was evidence in the record from which the trial court could have concluded that Bennett did not accept that he had engaged in professional misconduct and might therefore repeat his conduct in the future. *See Rocha v. State Bar of Tex.*, No. 04-95-00158-CV, 1996 WL 364823, at *10 (Tex. App.—San Antonio July 3, 1996, writ denied) (not designated for

publication) ("Rocha's argument that his misconduct was not so egregious in light of the actions taken by other attorneys in which lesser sanctions were imposed in itself raises some concern as to whether he even now recognizes the severity of his offense."). This evidence includes Bennett's argument during the second trial in which he asked, "Do I recognize that it could have been done better? Do I recognize that I should have put 'may,' the word 'may' in there instead of what I did? Absolutely." The court also could have found relevant Bennett's argument that he had talked with "the leading expert on ethics in the state, Lillian Hardwick," and "former United States Magistrate Dan Naranjo" about his conduct, and they had told him that "this is not a violation." Based on the record evidence, the trial court reasonably could have determined that suspending Bennett would deter other attorneys from pursuing similar schemes while also protecting those seeking legal services in the future. The trial court also reasonably could have determined that if Bennett's professional misconduct was not punished, the legal profession would be damaged.

In arguing that the trial court abused its discretion when it assessed a partially probated suspension, Bennett places much emphasis on the evidence in the record that he "has been a stalwart member of the Houston legal community for years," "cares about the legal profession," and "is a good, faithful, and charitable man." We conclude that this evidence does not demonstrate an abuse of discretion by the trial court. The trial court reasonably could have considered this evidence when it determined that disbarment, the sanction levied in the first trial, was not an appropriate sanction and instead assessed the partially probated suspension. *See Eureste*, 76 S.W.3d at 202 (rejecting argument that trial court abused discretion when it assessed suspension because there was evidence that sanctioned attorney had "assisted many clients and his streamlined office procedures may have maximized

6

client benefits."); *cf. Rocha*, 1996 WL 364823, at *10 (affirming trial court's disbarment sanction even after deleting one violation finding by the jury because "the severity of these concerns is not lessened by the exclusion of the one trial court finding.").

Finally, Bennett argues that the trial court abused its discretion because sanctions imposed in other cases involving violations of Rule 3.02 were less severe. Even presuming that each of the cases Bennett cites involve sanctions for conduct violating Rule 3.02 of the Texas Disciplinary Rules of Professional Conduct, we conclude they do not establish that the trial court abused its discretion here. *See Rocha*, 1996 WL 364823, at *10 (rejecting argument that sanctions levied in other cases established abuse of discretion in case under appeal). Bennett has cited no authority for the proposition that a trial court called upon to levy sanctions against an attorney found to have engaged in professional misconduct, or an appellate court reviewing sanctions against such an attorney, should consider sanctions levied in other cases. Instead, as discussed above, the sanction to be assessed is entrusted to the sound discretion of the trial court after considering the Rule 3.10 factors. *See Eureste*, 76 S.W.3d at 202. We conclude that the trial court did not abuse its discretion when it imposed a partially probated suspension upon Bennett.[2] We overrule Bennett's first and second issues.

## II. Bennett did not preserve his third issue for appellate review.

Bennett complains in his third issue that the Commission's attorney engaged

---

[2] To the extent that the factual sufficiency standard of review applies to Bennett's complaint of an excessive sanction, we conclude that the evidence supporting the sanction assessed against Bennett is not so contrary to the weight of the evidence as to be clearly wrong and manifestly unjust. *See Thawer v. Comm'n for Lawyer Discipline*, 523 S.W.3d 177, 183 (Tex. App.—Dallas 2017, no pet.) (stating factual sufficiency standard of review for finding that attorney violated Texas Disciplinary Rules of Professional Conduct).

in misconduct. Bennett does not, however, provide citations to where in the appellate record the alleged misconduct occurred, he objected to it, and the trial court made a ruling. Bennett also does not cite to authority excusing the need to object in the trial court. We conclude, therefore, that Bennett has not preserved error related to alleged misconduct by the Commission's attorney during the second trial. *See* Tex. R. App. P. 33.1(a); *cf. McCaffety v. Blanchard*, No. 01-15-01077-CV, 2018 WL 542390, at *3 (Tex. App.—Houston [1st Dist.] Jan. 25, 2018, pet. denied) (mem. op.) (rejecting allegation of trial court bias and prejudice because appellant "has not presented any argument to suggest that the trial judge did anything improper, that he objected in the trial court, that he was harmed, or that he is entitled to any particular appellate relief"). We overrule Bennett's third issue.

## CONCLUSION

Having overruled Bennett's issues on appeal, we affirm the trial court's judgment.

/s/    J. Brett Busby
Justice

Panel consists of Justices Boyce, Busby, and Brown.