H. Wayne MEACHUM, Appellant,

v.

COMMISSION FOR LAWYER DISCIPLINE, Appellee.

No. 05–00–00042–CV.

Court of Appeals of Texas, Dallas.

Dec. 6, 2000.

Ruth A. Kollman, Suzanne Raggio Westerheim, Kollman & Westerheim, P.C., Dallas, for Appellant.

Linda A. Acevedo, Austin, for Appellee.

Before Justices MORRIS, ROACH, and FITZGERALD.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from a judgment of disbarment in an attorney discipline action brought in district court. Appellant H. Wayne Meachum asserts the district court lacked subject matter jurisdiction to hear the disciplinary action because the grievance committee was improperly constituted. Meachum also complains about the admission of a client's hearsay affidavit into evidence. Because we conclude the alleged defects in the grievance committee's composition did not deprive the district court of subject matter jurisdiction and the admission of the affidavit did not result in any reversible error, we affirm the trial court's judgment. We publish this opinion as directed by Texas Rule of Disciplinary Procedure 6.06. *See* TEX.R. DISCIPLINARY P. 6.06, *reprinted in* TEX. GOV'T CODE ANN., tit. 2, subtit. G. app. A–1 (Vernon 1998).

## I.

This matter arises out of four grievance complaints filed against Meachum by four different people. One of the grievances was filed by John Stanglin and alleged that Meachum misappropriated funds Stanglin deposited into Meachum's attorney trust account. The other grievances, filed by William Z. Hornbuckle, Billy W. Pickard, and Daron D. Sneed, claimed that Meachum failed to communicate with them and keep them informed about the status of their cases. They further alleged Meachum failed to provide an accounting or return of the retainer fees they advanced.

The complaints were referred to the District 6A Grievance Committee and assigned to committee panels for investigation. After investigatory hearings were held, the grievance committee notified Meachum of its determination that there was just cause to find he had engaged in professional misconduct in all four matters. The committee proposed sanctions for each complaint. Meachum rejected the grievance committee's proposed sanctions and, in accordance with rule 2.14 of the Rules of Disciplinary Procedure, elected to have the complaints heard in district court. *See* TEX.R. DISCIPLINARY P. 2.14. The Commission for Lawyer Discipline then filed a disciplinary petition in district court pursuant to rule 3.01. *See* TEX.R. DISCIPLINARY P. 3.01. After a trial without a jury, the trial court found Meachum engaged in professional misconduct in all four matters. The trial court signed a judgment of disbarment on the Stanglin complaint and assessed partially probated suspensions on the other three complaints to take effect only if the disbarment judgment was set aside. This appeal followed.

## II.

■ We first address Meachum's contention that the trial court lacked subject matter jurisdiction to hear the disciplinary action because the grievance committee was not properly constituted in accordance with the procedures set forth in rule 2.03. *See* TEX.R. DISICIPLINARY P. 2.03. Specifically, Meachum contends certain individuals became committee members through untimely interim appointments. He also

complains about one committee member allegedly serving a prohibited third consecutive term even though that person was not on any of the investigatory panels that heard the grievances against him. In effect, Meachum argues the grievance committee was defectively composed and, therefore, was not empowered to make any just cause finding.

■ For Meachum's jurisdictional argument to succeed, he must first establish that a just cause finding from the grievance committee is a jurisdictional prerequisite to the district court's authority to hear a disciplinary action. Meachum has cited no authority, and we have found none, that so holds. On the contrary, at least one appellate court has determined the district court's authority to hear disbarment proceedings is derived from its constitutional grant of jurisdiction. *See State v. Pounds,* 525 S.W.2d 547, 552 (Tex. App.—Amarillo 1975, writ ref'd n.r.e.). Similarly, another court of appeals has concluded a trial court did not lack subject matter jurisdiction merely because the grievance committee allegedly failed to comply with the rights granted by the State Bar Act. *See Smith v. Grievance Comm., State Bar of Tex. for Dist. 14–A,* 475 S.W.2d 396, 399 (Tex.App.—Corpus Christi 1972, no writ) (per curiam). In fact, nothing in the Texas Rules of Disciplinary Procedure requires the commission to plead or prove a just cause finding in the district court. *See* Tex.R. Disicipli-nary P. 3.01; *Favaloro v. Commission for Lawyer Discipline,* 13 S.W.3d 831, 837 (Tex.App.—Dallas 2000, no pet.); *Wade v. Commission for Lawyer Discipline,* 961 S.W.2d 366, 371 (Tex.App.—Houston [1st Dist.] 1997, no pet.) (per curiam). Because the district court's authority to hear a disciplinary action is not derived from or dependent upon the grievance committee's just cause finding, we conclude there is no merit to Meachum's contention that the district court lacked subject matter jurisdiction.

■ Even assuming a just cause finding is necessary to confer jurisdiction on the district court, we are unpersuaded the just cause findings in this case were void because of interim nominations and appointments. As we understand Meachum's argument, he asserts that the time limits for committee member nominations and appointments set forth in rule 2.03 are mandatory, and any nominations or appointments made outside of these time periods result in an improperly constituted committee whose actions are necessarily void. Rule 15.07 specifies which time periods in the Texas Rules of Disciplinary Procedure are mandatory. Those listed in rule 2.03 are not among them. Tex.R. Disciplinary P. 15.07. Rule 2.03 time periods are therefore "directory only and the failure to comply with them does not result in the invalidation of an act or event by reason of noncompliance with those time limits." *Id.*

■ Meachum also complains about the trial court's admission of a hearsay affidavit from Stanglin's daughter, much of which she allegedly repudiated.[1] Meachum asserts that because the affidavit is the only evidence he did not disburse trust account funds in accordance with his client's instructions, the judgment of disbarment must be reversed.[2] Contrary to appellee's argument, Meachum's complaint is not simply about the sufficiency of the evidence if the affidavit were excluded. Meachum's complaint is more targeted. He asserts the admission of the affidavit

---

1. Meachum represented Stanglin's daughter in a divorce proceeding. Stanglin alleged he deposited $116,000 into Meachum's trust account to pay off the mortgage on his daughter's home. Stanglin claimed Meachum misappropriated a portion of these funds, requiring Stanglin to pay an additional $85,739.93 to pay off the mortgage.

2. In the affidavit, Stanglin's daughter stated she and her father instructed Meachum that the $116,000 was only to be used to pay off the mortgage and that she did not authorize any other use for the funds.

containing inculpatory hearsay statements violated his due process right to confront the testifying witness. Notably, at oral argument, appellee conceded the trial court's admission of the affidavit into evidence was error.

 We agree the trial court erred in admitting the affidavit over Meachum's objection. We therefore limit our inquiry, as Meachum recognizes we must, to whether the admission of the affidavit probably caused rendition of an improper judgment of disbarment. *See* Tex.R.App.P. 44.1(a)(1). It is Meachum's burden to establish reversible error. To do so in this case, he must demonstrate the judgment of disbarment turns on the erroneously admitted affidavit. *See City of Brownsville v. Alvarado,* 897 S.W.2d 750, 753–54 (Tex.1995). We review the entire record to determine whether Meachum has satisfied his burden on appeal. *See id.* at 754.

The trial court concluded Meachum violated the following Disciplinary Rules of Professional Conduct in the Stanglin matter: rule 1.14(a) (failing to hold client's or third party's property in a trust account separate from lawyer's property and failure to maintain trust records); rule 1.14(b) (failing to render full accounting of monies in trust account); rule 3.03(a) (making a false statement of material fact or law to a tribunal); rule 4.01(b) (failing to disclose a material fact when necessary to avoid being a party to a criminal act or knowingly assisting a fraudulent act perpetrated by a client); rule 8.04(a)(1) (violating the Disciplinary Rules of Professional Conduct); and rule 8.04(a)(3) (engaging in conduct involving dishonesty, fraud, deceit, and misrepresentation). *See* Tex. Disciplinary R. Prof'l Conduct 1.14(a) & (b); 3.03(a); 4.01(b), 8.04(a)(1) & (3), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Vernon 1998) (Tex. State Bar R. art. X, § 9).

Meachum admitted that Stanglin deposited $116,000 into his trust account on July 16, 1993 with the understanding it would be used for the purpose of paying his daughter's mortgage. A litigation specialist from the mortgage company testified their records indicated no payments were made on the daughter's mortgage from March 1993 through October 1993. Meachum also admitted that, based on the June, July, and August 1993 trust account statements, portions of the $116,000 were used to cover various checks that cleared his trust account during those months. Many of these checks were made out to "cash," and Meachum could not identify where these cash payments went to or relate them to a particular transaction involving Meachum's representation of Stanglin's daughter. Other checks were made payable to Bank One and, once again, Meachum had no record of the purpose for which these checks were used. There was even a trust check for $3,349.44 payable to "SMU," with a notation "Kurt Meachum bal. for fall '93." Finally, Meachum admitted a portion of Stanglin's deposit was used to pay attorney's fees owed by Stanglin's daughter.

Meachum points, however, to his testimony that all disbursements he made involving Stanglin's $116,000 deposit were made pursuant to his client's (Stanglin's daughter) instructions. Obviously, this testimony directly contradicts the facts stated in the erroneously admitted affidavit. Meachum suggests that once the affidavit is no longer part of the evidence, his testimony about why the funds were disbursed as they were shows the admission of the affidavit probably caused rendition of an improper judgment of disbarment.

The issue of whether the admission of the affidavit probably caused the rendition of an improper judgment, contrary to Meachum's contention, does not turn on whether he followed his client's instructions in disbursing the $116,000. The gravamen of Stanglin's complaint involves Meachum's obligations to Stanglin and Meachum's failure to provide any documentation or records demonstrating where the money went. Irrespective of the affidavit in question, there is considerable evidence estab-

lishing the severity and extent of Meachum's misconduct in the Stanglin matter. The record amply establishes Meachum's mishandling of trust account funds and his inability to account for or provide any written record for the disbursement of most of the $116,000. After reviewing the record in its entirety, we cannot conclude the erroneous admission of the affidavit probably caused rendition of an improper judgment of disbarment.

In a separate issue, Meachum claims the admission of the affidavit tainted *the entire sanctions proceeding with* respect to all four complaints. Meachum's argument on this issue consists of three sentences, two record cites, and a single citation to Texas Rule of Disciplinary Procedure 3.10 (listing factors to be considered in determining sanctions). Because Meachum's argument is wholly conclusory and provides no substantive analysis, discussion, or legal authorities to support his contention, we conclude he has failed to present this issue for appellate review. *See* TEX.R.APP.P. 38.1(h). Regardless, the record before us does not support Meachum's generalized contention. Moreover, to the extent Meachum is arguing that the trial court considered in one or more of the four complaints some factor not described in rule 3.10, the record simply does not support his contention.

Having concluded the trial court had subject matter jurisdiction over the disciplinary action, and having concluded Meachum has failed to show reversible error, we affirm the trial court's judgment.