**Opinion filed July 24, 2014**



In The

# Eleventh Court of Appeals

_____

## No. 11-12-00228-CV
_____

## DAVID ERIC MOLINAR, Appellant

## V.

## LORRAINE MOLINAR, Appellee

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 45,010-C**

## M E M O R A N D U M   O P I N I O N

This is an appeal in a divorce action between David Eric Molinar and Lorraine Molinar. After a hearing, the trial court granted the divorce, divided certain property, appointed managing and possessory conservators of the parties' child, and provided for certain rights and obligations in connection with conservatorship of the parties' minor child. Because he was dissatisfied with the orders of the trial court, David filed this appeal. We affirm.

Lorraine filed a petition for divorce in which she sought a divorce from David and in which she sought to be named managing conservator of the parties' minor child, S.E.M. David was in prison at the time for sexual assault of a minor (the victim was not related to David), but he timely filed a pro se answer. His answer contained a "Request for Appointment of Attorney Ad Litem and Motion for Issuance of Bench Warrant." David also filed a "Declaration of Inability to Pay Cost," an "Affidavit of Respondent's Testimony," and an "Unsworn Declaration of Respondent's Testimony." David filed his answer and all of these requests on February 9, 2012. David furnished an order to the trial court whereby the trial court could grant his request for a bench warrant. Rather than grant his request, however, on February 14, 2012, the trial court noted on the proposed order, "denied at this time." On that same day, the trial court ruled on David's request for the appointment of an attorney ad litem. The ruling by the trial court was that "the Family Code does not provide for court appointments in these cases." In response to the trial court's rulings, David filed what he called a "Notice of Appeal." On March 1, 2012, the trial court entered an order on the "Notice of Appeal" that contained the notation "denied at this time."

When David filed his motions, the trial court had not set any hearings. None of David's motions were re-urged after the case was set for final hearing on May 30, 2012. David did not participate in the final hearing although he was notified of the setting. The trial court granted the divorce, divided the parties' property and debts, appointed Lorraine as S.E.M.'s sole managing conservator, and appointed David as a possessory conservator of the child. The trial court also provided for various rights and obligations relative to conservatorship. The trial court signed the final decree on June 21, 2012. None of those matters are issues in this appeal.

David is pro se in this court. In his first issue, David asserts that the trial court erred when it did not allow him the opportunity to be heard. In a portion of his third issue, David claims that the trial court abused its discretion when it did not allow him to appear at court physically or by alternative means. We will discuss these two assertions together.

It now goes without question that a litigant cannot be denied access to the courts just because he is an inmate. *In re Z.L.T.*, 124 S.W.3d 163, 165 (Tex. 2003). But that right is not absolute. *Id.* It is a litigant's obligation to show why his appearance in court was necessary to preserve his constitutional rights. *Id.* at 166. In *Z.L.T.*, the court noted that the courts of appeals in Texas have recognized a variety of factors for trial courts to consider when deciding whether to grant a request for a bench warrant. "These factors include the cost and inconvenience of transporting the prisoner to the courtroom; the security risk the prisoner presents to the court and public; whether the prisoner's claims are substantial; whether the matter's resolution can reasonably be delayed until the prisoner's release; whether the prisoner can and will offer admissible, noncumulative testimony that cannot be effectively presented by deposition, telephone, or some other means; whether the prisoner's presence is important in judging his demeanor and credibility; whether the trial is to the court or a jury; and the prisoner's probability of success on the merits." *Id.* at 165–66. Except, perhaps, for the broad allegations in his motion that he wanted to assist counsel and to testify in his own behalf as to "his desire to care, love, and provide for his natural child," David did not justify the need for his physical presence at the final hearing. He did not establish the factors we have outlined above. A trial court abuses its discretion when it acts without reference to any guiding rules and principles. In other words, when the trial court's action was arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242–43 (Tex. 1985). Because David failed to make the required showing, the

trial court did not abuse its discretion when it denied David's request for a bench warrant.

In addition to asking for the bench warrant so that he could be personally present for the hearing, David also asked that the trial court allow him to participate by alternate means if the trial court denied the request for a bench warrant. David asserts that the trial court erred when it conducted the final hearing without giving him the opportunity to appear by an alternate means. Lorraine counters that, when the trial court denied the requests, it noted that the denial was limited to "at this time." She reasons that, in the face of that notation by the trial court, David was obliged to re-urge his motions after the trial court had actually set the case for hearing.

Even if we were to agree that David was not required to renew his requests after the trial court set the case for hearing and that the trial court erred when it conducted the hearing without providing an alternative means by which David could appear, it would not produce a different result in this appeal. That is so because any purported error cannot be the basis for a reversal of the trial court's judgment unless the error probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1. David had the burden to show that the harm that he alleged probably caused the rendition of an improper judgment; he has failed to do that. *See Mitchum v. Comm'n for Lawyer Discipline*, 36 S.W.3d 612, 615 (Tex. App.— Dallas 2000, pet. denied).

After the hearing, the trial court appointed Lorraine the sole managing conservator of S.E.M., appointed David as a possessory conservator of S.E.M., and entered fairly standard conservatorship and support orders that would have been imposed had he not been in prison. The only possible exception being that his child support did not begin until the first day of the first month after his release

4

from prison. David simply has not shown how his participation in the hearing would have changed any of that and that the trial court's failure to allow him to appear by alternate means probably caused the rendition of an improper judgment. Insofar as David's claims regarding his being entitled to a reversal of the trial court's judgment because of its failure to issue a bench warrant or allow him to appear at the hearing by some alternative means, issues one and three are overruled.

In his second issue and in a part of his third issue, David claims that the trial court should have appointed counsel to represent him and that the trial court also erred when "[c]ounsel was not appointed to their child ad litem to protect her best interest." Because they are related, we will discuss these issues together. We likewise review this claim for an abuse of discretion. *In re Z.L.T.*, 124 S.W.3d at 165.

David confuses this case with cases in which termination of the parent-child relationship or the appointment of a conservator for a child is sought by a governmental entity. Section 107.013 of the Texas Family Code is the statutory basis for the appointment of attorneys ad litem under some circumstances in those types of cases. TEX. FAM. CODE ANN. § 107.013(a) (2014). The case before us is not such a case. It is a divorce case filed by an individual and includes issues regarding conservatorship and support of the parties' child. Therefore, David was not entitled to a court-appointed attorney. *See In re G.J.P.*, 314 S.W.3d 217, 222–23 (Tex. App.—Texarkana 2010, pet. denied).

As far as David's complaint regarding the failure of the trial court to appoint "their child ad litem to protect her best interest," he made no request to the trial court that it appoint an attorney ad litem for the child. In order to preserve error, a party must make a timely objection or request to the trial court and secure a ruling on it. Otherwise, it is not preserved. TEX. R. APP. P. 33.1(a). David did not

5

preserve error in connection with the appointment of an attorney ad litem for his daughter, and he has waived the complaint on appeal. We overrule those portions of issue two and issue three that relate to the appointment of counsel for David and the appointment of an ad litem for S.E.M.

We have overruled all of David's issues on appeal, and we affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


July 24, 2014

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6