**Affirmed in part; Reverse and Remand in part; and Opinion Filed April 26, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01456-CV

### IN THE INTEREST OF T.J.S., A CHILD

**On Appeal from the 255th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-04-00553**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Francis

Father appeals the trial court's modification order in a suit affecting the parent-child relationship and judgment for child support arrearage. In four issues, Father contends the trial court erred by (1) failing to make findings of fact and conclusions of law, (2) denying him due process by continuing the hearing in the absence of appellant's counsel, (3) failing to address possession and custody issues in the judgment, and (4) ordering more than 50% of his disposable earnings withheld for child support and arrearage payments. We sustain Father's issue regarding the child support and arrearage payments but overrule all other issues. We remand to the trial court for further proceedings.

Mother and Father divorced in 2004. Custody of their minor son, T.J.S., was given to Mother, and Father was ordered to pay monthly child support of $329. Ten years later, Mother filed a motion to confirm child support arrearages of more than $48,000 and a separate petition to modify the parent-child relationship to appoint her as sole managing conservator and to

increase Father's child support obligation to meet statutory guidelines.[1] Father filed an answer and countersuit, which he subsequently amended and supplemented several times, seeking to modify conservatorship to name him as the parent with the exclusive right to designate T.J.S.'s primary residence, for child support, and for reimbursement against the child support arrearage. Alternatively, he asked the trial court to decrease his monthly support payments.

A hearing on the motions and petitions began on June 25, 2014. Both Mother and Father testified about matters related to the arrearage, Father's earnings, and why each believed T.J.S. should live with him or her. At the conclusion of their testimony, the trial court instructed the parties to return to court at 9 a.m. August 14, which would give the AG's office time to calculate the arrearage. In the meantime, the trial court ordered that a $500 disability benefit Father received for T.J.S. from Social Security be redirected to Mother for the months of June, July, and August. The court also ordered Father not to drive with T.J.S. in the car until he obtained a driver's license.

When the hearing began on August 14, neither Father nor Father's counsel were present. The AG produced evidence of the amount of arrearage. At the conclusion of the hearing, the trial judge noted she had interviewed T.J.S. The judge then found it was in the child's best interest for the parents to remain joint managing conservators with the Mother determining primary residence in Dallas County. She ordered the $500 disability benefit redirected to Mother and ordered Father to pay $1,000 on the arrearage. The trial court's written judgment left the custody arrangements unchanged, increased Father's child support obligation to $500 a month, confirmed an arrearage of $53,874.91, ordered Father to pay $1,000 each month until the total

---

[1] Five months earlier, the Office of the Attorney General filed suit for modification of support to increase Father's obligation and a motion to confirm arrearages of more than $48,000.

arrearage and interest are paid in full, and denied all relief not expressly granted. Father appealed.

We begin with Father's third issue in which he complains the trial court failed to address "any of the issues related to child custody and possession." Father argues he pleaded for the original decree to be modified to (1) appoint him joint managing conservator with the right to designate the child's primary residence, (2) include temporary orders, and (3) include a mutual injunction enjoining the parties from entering upon each other's property. He contends the trial court "utterly failed to address any issue other than child support arrearages."

The order in this case specifically named Mother and Father joint managing conservators and gave Mother the right to designate the child's primary residence. It also made provisions for child support and confirmed the arrearage. In its final paragraph, the order stated: "IT IS ORDERED that all relief requested in this case and not expressly granted is denied." Thus, contrary to appellant's assertion otherwise, the plain language of the order resolved all issues in the case, including Father's request for custody. We overrule the third issue.

In his first issue, Father contends the trial court erred by failing to make findings of fact and conclusions of law, although timely requested.

A party may request the trial court to state its findings of fact and conclusions of law in writing following a bench trial. *See* TEX. R. CIV. P. 296. If findings of fact and conclusions are properly requested, the trial court has a mandatory duty to file them. *See Cherne Indus., Inc. v. Magallanes*, 763 S.W.2d 768, 772 (Tex. 1989). On appeal, it is appellant's burden to show reversible error. *Meachum v. Comm'n for Lawyer Discipline*, 36 S.W.3d 612, 615 (Tex. App.—Dallas 2000, pet. denied).

In his brief, Father sets forth the proper procedure for requesting findings of fact and conclusions of law as set out in the rules of civil procedure. *See* TEX. RS. CIV. P. 296, 297.

Father then asserts the trial court failed to comply with the procedure after he made his request and complains he has been prevented from "properly briefing certain issues." He does not, however, identify any specific issue he has been unable to brief nor has he advanced any argument illustrating how he sustained any specific harm as a result of the trial court's failure to submit such findings and conclusions. Rather, he complains the trial court *failed to rule* on "custody issues" that were properly pleaded. We have previously concluded that the trial court's order resolved all issues, including custody. Because Father has failed to identify any issue on which he needed findings, we overrule his first issue.

In his second issue, Father contends the trial court denied him due process by going forward with the trial on August 14 in the absence of his counsel, who he asserts was at a hearing in another courtroom.

Within the body of this issue, Father quotes and summarizes portions of two cases, *Dolgencorp of Texas, Inc. v. Lerma*, 288 S.W.3d 922 (Tex. 2009) and *United States Gov't v. Marks*, 949 S.W.2d 320 (Tex. 1997), but he does not apply either to the facts of this case. Other than a reference to an "off the record" bench conference, Father makes no attempt to outline the particular facts he relies on for this issue or provide record citations; accordingly, we conclude his issue is inadequately briefed. *See* TEX. R. APP. P. 38.1.

Nevertheless, we have reviewed the record before us. At best, it reveals Father's counsel, who had notice of the hearing in this case, also had a hearing in another court, presumably at or near the same time, but there is nothing to show that Father's counsel notified either judge of the conflict prior to the date of the hearings, sought a continuance of one of the settings, or sought any other timely relief. Rather, the record suggests Father's counsel elected to forego his appearance in this case so that he could attend the hearing in the second court. To the extent

Father suggests the judge engaged in improper ex parte communications by going forward with the hearing, he is incorrect.

The Texas Code of Judicial Conduct provides that, except as provided by law, a judge shall not directly or indirectly initiate, permit, or consider ex parte communications or other communications concerning the merits of a pending or impending judicial proceeding. *See* TEX. CODE JUD. CONDUCT, Canon 3 B(8). Ex parte communications are "those that involve fewer than all of the parties who are legally entitled to be present during the discussion of the matter. They are barred in order to ensure that 'every person who is legally interested in a proceeding [is given the] full right to be heard according to law.'" *In re Thoma*, 873 S.W.2d 477, 496 (Tex. Rev. Trib. 1994) (quoting Jeffrey M. Shaman, et. al, JUDICIAL CONDUCT AND ETHICS, § 6.01 at 145 (1990)).

Here, Father and his counsel were given notice at the June hearing that the hearing would reconvene at 9 a.m. August 14. Consequently, both were given notice of the hearing at which time they had the "full right" to be heard. That neither took advantage of the opportunity does not transform an otherwise properly noticed hearing into an improper ex parte proceeding. We overrule the third issue.

In his fourth issue, Father argues the trial court erred by exceeding the amount that can be withheld from his earnings for current support and arrearages.

Section 158.009 of the Texas Family Code sets out the maximum amount that can be withheld from an obligor's disposable earnings. The statute provides: "An order or writ of withholding shall direct that any employer of the obligor withhold from the obligor's disposable earnings the amount specified up to a maximum of 50 percent of the obligor's disposable earnings." TEX. FAM. CODE ANN. § 158.009 (West 2014). This provision applies to both current

child support and arrearage payments. *See In re M.E.G.*, 48 S.W.3d 204, 210 (Tex. App.—Corpus Christi 2000, no pet.).

Father testified he received about $2,300 each month in disability benefits from Social Security and the Veteran's Administration as well as an additional $500 Social Security disability payment for T.J.S.'s benefit, totaling $2,800 monthly. The trial court ordered Father to pay $500 per month in child support, which is 17.8% of his earnings; adding $1,000 each month to reduce the arrearage increases that percentage to 53.5%. Because the arrearage payments exceed the permissible percentage to be withheld from Father's earnings, we conclude the trial court abused its discretion in determining the amount of monthly payments. We sustain the fourth issue.

We reverse the portion of the trial court's judgment setting arrearage payments and remand to the trial court to set an amount in accordance with section 158.009 of the family code. We affirm the judgment in all other respects.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

151456F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF T.J.S., A CHILD

No. 05-15-01456-CV          V.

On Appeal from the 255th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DF-04-00553.
Opinion delivered by Justice Francis;
Justices Brown and Schenck participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment ordering Steven Norris Shaw to pay $1,000 each month on a child support arrearage and **REMAND** to the trial court to set the amount of arrearage payment in accordance with section 158.009 of the family code.  In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered April 26, 2017.