# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-19-00146-CV

**Samuel Adjei Sarfo, Appellant**

**v.**

**Commission for Lawyer Discipline, Appellee**

### FROM THE 201ST DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-003392, THE HONORABLE ALBERT M. MCCAIG, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Samuel Adjei Sarfo appeals from the district court's judgment of disbarment. In three issues, Sarfo contends that the district court lacked jurisdiction to hear the case, erred when it granted the Commission for Lawyer Discipline's motion for partial summary judgment, and abused its discretion by imposing the sanction of disbarment. We affirm the judgment of disbarment.

### Background

On August 17, 2016, the district court signed a judgment of partially probated suspension against Sarfo (the judgment of suspension),[1] which this Court affirmed. *See Sarfo v. Commission for Lawyer Discipline*, No. 03-16-00554-CV, 2018 Tex. App. LEXIS 1387, at *29 (Tex. App.—Austin Feb. 22, 2018, pet. denied) (mem. op.). In the judgment of suspension,

---

[1] Several months after it signed the judgment of suspension, the district court signed a nunc pro tunc judgment of suspension. The changes to the judgment are not at issue in this appeal.

the district court found that the appropriate sanction for Sarfo's professional misconduct was a one-year suspension from the practice of law in the State of Texas, with fifteen days of active suspension and the remaining days probated upon specified terms and conditions. The district court ordered the active suspension period to be from October 1 to 16, 2016, and the remaining suspension probated if the following occurred:

> If [Sarfo] complies with all of the following terms and conditions timely, the three hundred fifty (350) day period of probated suspension shall begin on October 16, 2016, and end on October 1, 2017, during which time Respondent shall be entitled to practice law in the State of Texas, subject to the following terms and conditions.

The district court expressly conditioned the probated suspension on Sarfo's compliance with specified terms and conditions. Among these terms and conditions, the district court ordered Sarfo: (i) to pay $5,000 in attorney's fees to the State Bar of Texas before the expiration of the active portion of the suspension, (ii) to notify specified clients, opposing counsel, judges, and courts of his suspension by September 30, 2016, and (iii) to provide an affidavit of compliance on or before October 15, 2016. The district court then reiterated that if Sarfo failed to timely comply with these requirements, he would "remain actively suspended until the date of compliance or until the end of the entire suspension period, whichever occurs first."

In July 2018, the Commission filed a disciplinary action against Sarfo that stemmed from a complaint filed in October 2017. The Commission alleged that Sarfo had failed to comply with the terms and conditions of the judgment of suspension in violation of subsections (7) and (11) of Rule 8.04(a) of the Texas Disciplinary Rules of Professional Conduct. *See* Tex. Disciplinary Rules Prof'l Conduct R. 8.04(a)(7) (violating disciplinary judgment), (11) (engaging in practice of law while attorney's right to practice has been

2

suspended).[2] The Commission alleged that Sarfo failed to comply with the judgment's terms and conditions to probate his suspension and, therefore, that he remained actively suspended from the practice of law for the entire suspension period. The Commission further alleged that during this period, Sarfo engaged in the practice of law, appearing in court and filing pleadings for an identified client.

The Commission thereafter sought partial summary judgment that Sarfo had violated subsections (7) and (11) of Rule 8.04(a). The Commission supported its motion with evidence: the judgment of suspension, copies of pleadings signed by Sarfo as the attorney of record that were filed in Bell County in July and September 2017, responses by Sarfo to requests for admission in this case, and an affidavit by the statewide compliance monitor for the Office of the Chief Disciplinary Counsel, State Bar of Texas. The compliance monitor averred that Sarfo did not comply with the judgment of suspension. In response to the motion for partial summary judgment, Sarfo did not dispute that he practiced law from October 1, 2016, to October 1, 2017. Sarfo argued that he "was not legally suspended" and that material fact questions existed "as to whether he was suspended beyond two weeks and, if so, whether due process applied in the matter of his continued suspension." Following a hearing, the district court granted the Commission's motion for partial summary judgment and found that Sarfo had violated both subsections of Rule 8.04(a) and, based on those violations, that he had committed professional misconduct. *See* Tex. Rules Disciplinary P. R. 1.06(W) (defining "Professional Misconduct").[3]

---

[2] The Texas Disciplinary Rules of Professional Conduct and the Texas Rules of Disciplinary Procedure are reprinted in the Texas Government Code. *See* Tex. Gov't Code tit. 2, subtit. G, app. A-1.

[3] Unless otherwise stated, we cite to the Texas Rules of Disciplinary Procedure as they existed prior to the 2018 amendments. *See Order Adopting Amendments to the Texas Rules of Disciplinary Procedure*, Misc. Docket No. 18-9031 (2018) (stating that amendments and new

The district court thereafter held a hearing to determine sanctions. The witnesses were the statewide compliance monitor, Sarfo, the Commission's counsel, and a legal assistant at the Commission. The evidence showed that the Commission contacted Sarfo on multiple occasions after October 1, 2016, seeking his compliance with the terms and conditions of the judgment of suspension, but that Sarfo did not comply and continued to practice law throughout the period of suspension, including during the active suspension. Sarfo "never disputed the fact that [he] practiced law." His position was that he "was not suspended and the suspension was not possible to pursue" because the suspension judgment was not valid. The evidence showed that Sarfo refused to comply with discovery requests in his other pending cases that the Commission had brought despite orders compelling him to do so and that he continued to assist clients after courts removed him as their counsel, including preparing a motion that one of his clients then filed pro se.

The exhibits included: (i) letters and emails to Sarfo from the Office of the Chief Disciplinary Counsel addressing his lack of compliance with the judgment of suspension; (ii) judgments of contempt that were signed on August 15, 2017, holding Sarfo in contempt for failing to comply with the judgment of suspension and listing Sarfo's specific acts or omissions that were noncompliant; (iii) pleadings, motions, a response, notices of appeal, and briefing that Sarfo filed as the attorney of record from October 1, 2016, to October 1, 2017, including a filing on October 10, 2016; (iv) transcripts of court hearings that occurred on October 10, 2016, in which Sarfo participated as the attorney of record; (v) motions and orders compelling discovery and for sanctions against Sarfo in other cases against him by the Commission; (vi) orders in other

---

rules apply to grievance filed on or after June 1, 2018, regardless of when conduct that is subject of grievance occurred). In this case, the complaint was filed before June 1, 2018.

matters in which the trial court prohibited Sarfo from acting as attorney of record in its court, removed him as attorney of record, or held him in contempt based on the judgment of suspension; and (vii) a letter from Sarfo to a trial judge dated October 19, 2016, in which he disputed his "so-called" suspension and asked the judge to "cease and desist" from prohibiting Sarfo from representing clients.

The record reflects that Sarfo acted inappropriately and disrespectfully during the hearing to determine sanctions. Sarfo continually interrupted the judge despite repeatedly being warned not to do so, accused the judge of racial bias and "too much deference to the other side," told the judge that the judge "don't even look at the facts very well," and admitted to calling opposing counsel "ugly." The judge also had to warn Sarfo "to not use your finger to point and direct at a witness," after the Commission's counsel stated during her testimony as a witness that she "[took] offense at being pointed at all the time" and asked for it to stop.

After the hearing, the district court signed the judgment of disbarment. This appeal followed.

## Analysis

### District Court's Jurisdiction

In his first issue, Sarfo argues that the Commission "lacked standing" to bring the disciplinary action against him and that the district court did not acquire jurisdiction "because no investigatory panel of any Grievance Committee has found Just Cause to believe Sarfo committed any act of misconduct." Sarfo contends that the "due process" established in Rule 2.12 of the Texas Rules of Disciplinary Procedure was not followed, citing as support for his position the current version of the rule that addresses the role of investigatory panels in the "Just

Cause" determination. *See* Tex. Rules Disciplinary P. R. 2.12 (2018) (outlining use of hearing before "Investigatory Panel" in "Just Cause" Determination); *see also id.* R. 1.06(Z) (2018) (defining "Just Cause").

The grievance against Sarfo, however, was filed in October 2017, and the current version of Rule 2.12 does not apply to grievances that were filed before June 1, 2018. *See Order Adopting Amendments to the Texas Rules of Disciplinary Procedure*, Misc. Docket No. 18-9031 (2018). Thus, Rule 2.12 as it existed prior to the 2018 amendments is the applicable version of the rule and does not reference investigatory panels:

> No more than 60 days after the date by which the Respondent must file a written response to the Complaint as set forth in Rule 2.10, the Chief Disciplinary Counsel shall investigate the Complaint and determine whether there is Just Cause.

*See* Tex. Rules Disciplinary P. R. 2.12; *see also* Tex. Gov't Code § 81.075(a) ("The chief disciplinary counsel shall review and investigate each grievance classified as a complaint to determine whether there is just cause, as defined by the Texas Rules of Disciplinary Procedure."). Sarfo does not argue that the Chief Disciplinary Counsel failed to follow the procedure as outlined in Rule 2.12 as it existed prior to the 2018 amendments. On this basis, we overrule Sarfo's first issue.[4]

---

[4] To the extent that Sarfo is relying on provisions in the Texas Government Code that address a "panel of a district grievance committee," those provisions are inapplicable here. *See* Tex. Gov't Code § 81.075 (providing procedure for disposition of complaints after finding of just cause by placing on hearing docket before "panel of a district grievance committee"). Following the chief disciplinary counsel's finding of just cause in this case, the district court heard the disciplinary action in the underlying proceeding to this appeal. *See id.*

We further observe that, even if the current version of Rule 2.12 applied in this case, whether to have an investigatory hearing is within the Chief Disciplinary Counsel's discretion. *See* Tex. Rules Disciplinary P. R. 2.12(F) (2018) ("The Chief Disciplinary Counsel *may* set a

**Partial Summary Judgment**

In his second issue, Sarfo argues that the Commission did not meet its burden to support the district court's partial summary judgment that found that Sarfo violated subsections (7) and (11) of Rule 8.04(a) of the Texas Disciplinary Rules of Professional Conduct. *See* Tex. Disciplinary Rules Prof'l Conduct R. 8.04(a)(7), (11). Relevant here, subsection (7) prohibits a lawyer from violating a disciplinary judgment, and subsection (11) prohibits a lawyer from engaging in the practice of law when his right to practice has been suspended. *Id.*

We review a trial court's summary judgment rulings de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). To prevail on a traditional motion for summary judgment, the movant must show that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Provident Life & Accident Ins. v. Knott*, 128 S.W.3d 211, 215–16 (Tex. 2003). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Knott*, 128 S.W.3d at 215 (citing *Southwestern Elec. Power Co. v. Grant*, 73 S.W.3d 211, 215 (Tex. 2002); *Science Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997)).

Sarfo does not dispute that the evidence conclusively established that he engaged in the practice of law in July and September 2017. His challenge is based on the judgment of suspension. He argues that that "the Commission did not establish any credible evidence that at

Complaint for an investigatory hearing . . . ." (emphasis added)). Moreover, Sarfo has not cited, and we have not found, authority that would support his contention that a "Just Cause" finding by an "Investigatory Panel" would be a jurisdictional prerequisite to the district court's authority to hear the Commission's disciplinary action against him. *See Meachum v. Commission for Lawyer Discipline*, 36 S.W.3d 612, 614 (Tex. App.—Dallas 2000, pet. denied) (rejecting jurisdictional argument that "a just cause finding from the grievance committee is jurisdictional prerequisite to the district court's authority to hear a disciplinary action").

7

the time Appellant practiced at the Bell County Court, there existed a court order revoking his probation; or that he practiced law while he was under active supervision." According to Sarfo, the Commission was required to seek a motion to revoke probation to extend his active suspension beyond fifteen days under the terms of the judgment. As support for this position, Sarfo relies on the portion of the judgment that sets out the procedure for revoking probation and argues that there was "material doubt as to whether there existed a clear and unambiguous Order from the Court suspending Sarfo" and that the Commission "unilaterally extended the sanction regime of Appellant beyond the stipulated fifteen days without any court order."

The judgment of suspension, however, expressly states that the probation of Sarfo's suspension was contingent on his compliance with specified terms and conditions. *See Sarfo*, 2018 Tex. App. LEXIS 1387, at \*25 (explaining that "probation of Sarfo's suspension was contingent upon his compliance with specified terms and conditions in the judgment"). For example, the judgment expressly states that, if Sarfo failed to timely comply with specified notice and payment provisions, he "shall remain actively suspended until the date of compliance or until the end of the entire suspension period, whichever occurs first." *See* Tex. Rules Disciplinary P. R. 3.11 (authorizing court to "make all other orders as it finds appropriate" in judgments of suspension). As to the payment provision, the judgment also states: "Should [Sarfo] fail to timely make the first payment, [he] shall remain actively suspended until the date of compliance or until the end of the entire suspension period, whichever occurs first."

The evidence established that Sarfo had not: (i) made the payment of $5,000 to the State Bar that was due "before the expiration of the fifteen (15) day active portion of the suspension period," (ii) provided notices of his suspension to the persons specified in the judgment, or (iii) provided an affidavit of compliance. Thus, under the express terms of the

8

judgment of suspension, which this Court affirmed, Sarfo's suspension was never probated, and he remained actively suspended. *See Sarfo*, 2018 Tex. App. LEXIS 1387, at *25–27 (rejecting Sarfo's due process complaint about judgment's active suspension "beyond two weeks").[5]  In this procedural context, the Commission was not required to file a motion to revoke because there was no probation to revoke.

Because the summary judgment evidence established that Sarfo was suspended from the practice of law when he engaged in the practice of law in July and September 2017, we conclude that the district court did not err in its ruling that Sarfo violated subsections (7) and (11) of Rule 8.04(a).  *See* Tex. Disciplinary Rules Prof'l Conduct R. 8.04(a)(7), (11); *Knott*, 128 S.W.3d at 215–16.  We overrule Sarfo's second issue.

**Sanction of Disbarment**

In his third issue, Sarfo argues that the sanction that was imposed on him constitutes an abuse of discretion.  "The judgment of a trial court in a disciplinary proceeding may be so light, or so heavy, as to constitute an abuse of discretion."  *Olsen v. Commission for Lawyer Discipline*, 347 S.W.3d 876, 888 (Tex. App.—Dallas 2011, pet. denied) (citing *State Bar of Tex. v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex. 1994)).  A trial court, however, "has broad

---

[5]  The judgment of suspension was not stayed.  *See* Tex. Rules Disciplinary P. R. 3.14 (stating that judgment of suspension may be stayed if respondent carries burden of proof by preponderance of evidence to establish that respondent's continued practice of law does not pose continuing threat to welfare of respondent's clients or public); *see also* Tex. R. App. P. 24.1 (addressing suspension of enforcement of judgment in civil appeals); *Sarfo v. Commission for Lawyer Discipline*, No. 03-16-00554-CV, 2018 Tex. App. LEXIS 1387, at *26 (Tex. App.—Austin Feb. 22, 2018, pet. denied) (mem. op.) (explaining that district court did not err in denying Sarfo's motion to suspend enforcement of judgment).  Sarfo also filed a motion for writ of injunction to suspend execution of the judgment on October 13, 2016, which this Court denied the following day.  *See In re Sarfo*, No. 03-16-00697-CV, 2016 Tex. App. LEXIS 11220 (Tex. App.—Austin Oct. 14, 2016, orig. proceeding) (mem. op.).

9

discretion to determine the consequences of professional misconduct." *Id.* "We may not overrule the trial court's decision unless the trial court acted unreasonably or in an arbitrary manner, without reference to guiding rules and procedures." *Id.* (citing *Landerman v. State Bar of Tex.*, 247 S.W.3d 426, 433 (Tex. App.—Dallas 2008, pet. denied)).

Factors that courts consider when determining the appropriate sanction for professional misconduct are:

> A. The nature and degree of the Professional Misconduct for which the Respondent is being sanctioned; B. The seriousness of and circumstances surrounding the Professional Misconduct; C. The loss or damage to clients; D. The damage to the profession; E. The assurance that those who seek legal services in the future will be insulated from the type of Professional Misconduct found; F. The profit to the attorney; G. The avoidance of repetition; H. The deterrent effect on others; I. The maintenance of respect for the legal profession; J. The conduct of the Respondent during the course of the Committee action; K. The trial of the case; and L. Other relevant evidence concerning the Respondent's personal and professional background.

*See Olsen*, 347 S.W.3d at 889 (quoting Tex. Rules Disciplinary P. R. 3.10). The trial court, however, is not required to find that every factor has been satisfied before ordering disbarment. *See id.*

Sarfo's argument that the sanction of disbarment constituted an abuse of discretion primarily is predicated on the guidelines for imposing sanctions in part XV of the current version of the Texas Rules of Disciplinary Procedure. *See* Tex. Rules Disciplinary P. R. 15.01–.09 (2018). He argues that "the Commission's counsel failed to draw the Court's attention to these factors" and that, when he attempted to do so, "the Commission's counsel objected, and the Court sustained the objection." He then argues that, "if all these factors had been considered as required under the Rules, the Court would have found mitigating circumstances in the context of this matter." *See id.* R. 15.09(C) (listing mitigating

circumstances that court may consider). Because the grievance in this case was filed before June 1, 2018, however, the referenced guidelines for sanctions in the current rules do not apply in this case. *See Order Adopting Amendments to the Texas Rules of Disciplinary Procedure*, Misc. Docket No. 18-9031 (2018).

In reaching its determination that disbarment was the appropriate sanction, the district court could have considered Sarfo's professional misconduct during the time period in which he was suspended, his conduct toward the court and opposing counsel in this case, and his refusal to comply with court orders and the rules of civil procedure. *See Olsen*, 347 S.W.3d at 889 (listing factors that courts consider in deciding appropriate sanction). Sarfo admitted that he practiced law during the suspension period, including during the active suspension period, and the evidence showed that Sarfo did not comply with any of the terms and conditions of the judgment of suspension. The statewide compliance monitor testified about the Office of the Chief Disciplinary Counsel's efforts to obtain Sarfo's compliance with the judgment's terms and conditions, including emailing and sending him letters, but he refused to comply.

The exhibits also included: (i) Sarfo's letter to a trial judge dated October 19, 2016, in which he disputed his "so called" suspension and asked the judge to "cease and desist" from prohibiting Sarfo from representing clients; (ii) orders and judgments holding Sarfo in contempt for failing to comply with the judgment of suspension and with discovery requests; and (iii) orders removing or prohibiting him from acting as the attorney of record in other cases. Sarfo admitted that he had not complied with court orders and that he prepared a motion that one of his clients filed pro se after a judge removed him as the attorney of record in that case.

Given the factors that courts consider when determining an appropriate sanction and the evidence that was before the district court, we conclude that the district court did not

11

abuse its discretion by imposing the sanction of disbarment. *See* Tex. Rules Disciplinary P. R. 3.10; *Olsen*, 347 S.W.3d at 889. We overrule Sarfo's third issue.

## Conclusion

Having overruled Sarfo's issues, we affirm the district court's judgment of disbarment.

_____

Melissa Goodwin, Justice

Before Justices Goodwin, Baker, and Kelly

Affirmed

Filed: February 26, 2021