**Opinion filed December 13, 2018**



# In The

# Eleventh Court of Appeals

_____

## No. 11-16-00343-CV

_____

## CLAUDIA S. DONALDSON, Appellant

## V.

## DAVID VAUGHN DONALDSON, Appellee

**On Appeal from the 318th District Court**

**Midland County, Texas**

**Trial Court Cause No. FM-59,221**

## MEMORANDUM OPINION

This is an appeal from a divorce proceeding. Both of the spouses were pro se at trial, and they are pro se on appeal. However, Appellant, Claudia S. Donaldson, is an attorney. She presents three issues on appeal. In her first issue, Appellant contends that the trial court erred by denying her motion for a new trial. In her second issue, Appellant argues that the trial court erred by not finding Appellee, David Vaughn Donaldson, at fault based on cruel treatment. In Appellant's third issue, she contends that the trial court erred by not finding fraud on the community

by Appellee for allegedly violating their Agreed Mutual Temporary Injunction entered during the divorce proceedings.  We affirm.

*Background Facts*

Appellant and Appellee were married in 1982.  Appellee filed an original petition for divorce in 2015 and an amended petition in 2016, both based on the no-fault ground of insupportability.  *See* TEX. FAM. CODE ANN. § 6.001 (West 2006).  Appellant filed a counterpetition for divorce, citing both no-fault insupportability and cruel treatment, a "fault" ground for divorce.  *See id.* § 6.002.  The case was originally set for a jury trial, but Appellant withdrew her jury demand.

Following a one-day bench trial, the trial court issued a letter ruling indicating that it would grant the divorce on a no-fault basis.  The trial court's letter ruling also set out a property division.  Appellant subsequently filed a motion for new trial alleging that the trial court's letter ruling "is tainted by [Appellee's] unlawful witness tampering."  She generally asserted that Appellee prevented her from testifying fully at trial and that, had she been able to do so, the outcome would have been different.  The trial court denied Appellant's motion for new trial without conducting a hearing on the motion.  The trial court subsequently entered a Final Decree of Divorce.

*Analysis*

In her first issue, Appellant contends that the trial court erred by denying her motion for new trial.  As noted previously, she contends that she was entitled to a new trial because Appellee prevented her from presenting all of the evidence that she wanted to present at trial.  We review a trial court's ruling on a motion for new trial for an abuse of discretion.  *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009).  Under this standard, we must determine whether the trial court acted without reference to any guiding rules or principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).  The exercise of discretion is within the sole province of the trial court, and an appellate court may not substitute

2

its discretion for that of the trial court. *Johnson v. Fourth Ct. App.*, 700 S.W.2d 916, 918 (Tex. 1985). Rather, an abuse of discretion occurs only when the trial court reaches a decision that is "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 917.

Appellant contends that she was entitled to an evidentiary hearing on her motion for new trial and that her uncontroverted allegations in the motion for new trial should have been accepted as true. We disagree. Generally, a trial court is not required to hold a hearing on a motion for new trial. *Olsen v. Comm'n for Lawyer Discipline*, 347 S.W.3d 876, 887 (Tex. App.—Dallas 2011, pet. denied); *Landis v. Landis*, 307 S.W.3d 393, 394 (Tex. App.—San Antonio 2009, no pet.). A trial court is only required to conduct a hearing on a motion for new trial when the motion presents a question of fact upon which evidence must be heard. *Olsen*, 347 S.W.3d at 887; *Landis*, 307 S.W.3d at 394.

Rule 324 of the Texas Rules of Civil Procedure identifies some types of new trial complaints "on which evidence must be heard such as one of jury misconduct or newly discovered evidence or failure to set aside a judgment by default." TEX. R. CIV. P. 324(b)(1). Appellant's complaint of alleged witness tampering does not fit within any of these categories. The evidence that Appellant asserts that she wanted to present at trial is not newly discovered because it was known to Appellant at the time of trial. *See Jackson v. Van Winkle*, 660 S.W.2d 807, 809 (Tex. 1983) (listing the elements of a claim of newly discovered evidence), *overruled in part on other grounds by Moritz v. Preiss*, 121 S.W.3d 715, 720–21 (Tex. 2003).

In a bench trial, the trial court, as factfinder, is the sole judge of the credibility of the witnesses. *Sw. Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied). In this role, the judge may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Id.*

3

If a hearing on the motion for new trial had occurred, the trial court would have also served as the sole judge of the witnesses' credibility for the purposes of that hearing. *See Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism'd). Appellant would not have been able to obtain a new trial based upon the inflammatory allegations in her motion for new trial unless the trial court determined that her allegations were credible. In light of the nature of Appellant's allegations and the trial court's role as the factfinder at trial, we conclude that the trial court was not required to conduct a hearing on the motion for new trial to receive additional evidence. The trial court was able to assess and implicitly reject the credibility of Appellant's allegations from the motion itself.

We also disagree with Appellant's assertion that the trial court was required to accept her allegations as true because Appellee did not controvert them. To assert that her allegations must be accepted as true, Appellant relies on cases from the context of an equitable motion for new trial filed after the entry of a default judgment in order to satisfy the *Craddock*[1] test. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38–39 (Tex. 1984). Those cases are distinguishable, however, because in those instances, the matters alleged by the defendant in order to obtain a new trial could not be readily controverted by the plaintiff. *See State ex rel. Prot. of Holst*, No. 12-08-00360-CV, 2010 WL 457448, at *3 n.5 (Tex. App.—Tyler Feb. 10, 2010, pet. denied) (mem. op.).

"A trial court sitting as the trier of fact is not required to accept as true the statements made in an affidavit, even if that affidavit is uncontradicted." *Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 624 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "Further, the uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact to be decided by the trial court if there are circumstances in evidence tending to

---

[1]*Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939).

discredit or impeach the interested witness's testimony." *Id.* The record from the trial contradicts Appellant's allegations because it does not indicate that she was prevented from presenting any evidence at trial. Accordingly, the trial court was not required to accept Appellant's inflammatory allegations that Appellee prevented her from presenting all of her evidence at trial.

We conclude that the trial court did not abuse its discretion by denying Appellant's motion for new trial. It was within the trial court's discretion to determine that Appellant's inflammatory allegations were not credible based upon the matters she alleged in the motion for new trial and the trial court's observation of the parties at trial. Furthermore, the record from the trial does not support Appellant's allegation that she was restricted in any way from presenting evidence at trial. We overrule Appellant's first issue.

Appellant challenges the legal and factual sufficiency of the evidence in her second and third appellate issues. In her second issue, Appellant contends that the trial court erred by not finding Appellee at fault for the divorce based on cruel treatment. In her third issue, Appellant contends that the trial court erred by not finding that Appellee committed fraud on the community. These are findings for which Appellant had the burden of proof at trial.

We review most appealable issues in family law cases under an abuse of discretion standard. *In re Marriage of C.A.S. and D.P.S.*, 405 S.W.3d 373, 382 (Tex. App.—Dallas 2013, no pet.); *Sandone v. Miller-Sandone*, 116 S.W.3d 204, 205 (Tex. App.—El Paso 2003, no pet.). This standard of review applies to a trial court's granting of a divorce on fault grounds and to a trial court's division of property. *C.A.S.*, 405 S.W.3d at 382; *Wells v. Wells*, 251 S.W.3d 834, 838 (Tex. App.—Eastland 2008, no pet.). "In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in

5

our assessment of whether the trial court abused its discretion." *Sink v. Sink*, 364 S.W.3d 340, 344 (Tex. App.—Dallas 2012, no pet.); *accord Boyd v. Boyd*, 131 S.W.3d 605, 611 (Tex. App.—Fort Worth 2004, no pet.).

When a party challenges the legal sufficiency of an adverse finding on which she had the burden of proof at trial, she must demonstrate on appeal that the evidence establishes, as a matter of law, all vital facts in support of the issue. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). In conducting this review, we examine the record for evidence that supports the trial court's finding "while ignoring all evidence to the contrary." *Id.* If no evidence supports the finding, we then examine the entire record to determine if the contrary proposition is established as a matter of law. *Id.* When a party challenges the factual sufficiency of an adverse finding on which she had the burden of proof at trial, the party must demonstrate on appeal that the adverse finding is against the great weight and preponderance of the evidence. *Id.* at 242. We consider and weigh all of the evidence, and we set aside the verdict only if the evidence is so weak, or the finding is so against the great weight and preponderance of the evidence, that it is clearly wrong and unjust. *Id.*

When, as in this case, no findings of fact or conclusions of law are filed or requested in a bench trial, we imply all findings of fact necessary to support the judgment. *Roberts v. Roberts*, 402 S.W.3d 833, 838 (Tex. App.—San Antonio 2013, no pet.). "If the evidence supports the trial court's implied findings, 'we must uphold the judgment on any theory of law applicable to the case.'" *Id.*

In her second issue, Appellant contends that the trial court erred by not finding Appellee at fault for the divorce based on her allegation of cruel treatment. Appellant asserts that her "evidence was legally and factually sufficient to establish that [Appellee] deliberately under-reported their income on federal taxes and then threatened and blackmailed her over the evasion." Appellant also asserts that, "[b]ecause the trial court did not weigh [Appellee's] cruelty in the property division,

6

it most likely rendered an improper judgment in awarding him a disproportionate share of the community estate."

It is within a trial court's discretion to choose between non-fault and fault-based reasons when deciding the grounds on which to grant a divorce. *Baker v. Baker*, 469 S.W.3d 269, 279–80 (Tex. App.—Houston [14th Dist.] 2015, no pet.). "Although seldom used since the advent of no-fault divorce, it is still possible for a court to grant a divorce on the ground of cruel treatment." *Henry v. Henry*, 48 S.W.3d 468, 473 (Tex. App.—Houston [14th Dist.] 2001, no pet.). A spouse's conduct rises to the level of cruel treatment when it renders the couple's cohabitation insupportable. *Id.* "Insupportable" means "incapable of being borne, unendurable, insufferable, intolerable." *Id.* (quoting *Cantwell v. Cantwell*, 217 S.W.2d 450, 453 (Tex. Civ. App.—El Paso 1948, writ dism'd)). Mere disagreements or trivial matters do not justify granting a divorce for cruelty. *Shankles v. Shankles*, 445 S.W.2d 803, 807 (Tex. Civ. App.—Waco 1969, no writ). Post-separation acts may be used to support a finding of cruelty. *Redwine v. Redwine*, 198 S.W.2d 472, 473 (Tex. Civ. App.—Amarillo 1946, no writ).

Appellant bases her cruelty argument on Appellee's alleged tax fraud. Appellant testified at trial that Appellee "forged [her] name to what [she] believe[d] was a fraudulent tax return for 2014." She claimed in her testimony that Appellee said to her: "I'll just tell the IRS you filed that fraudulent tax return. You're the lawyer; it'll be your fault. I'll tell them you spent the money." Appellant filed for "innocent spouse" relief with the IRS and confronted Appellee about her belief that their reported gross income was $90,000 less than it should have been. However, Appellant stated that she and Appellee "were going to disagree . . . until the cows come home on what constitutes gross income."

At trial, Appellee denied Appellant's tax fraud allegation. He also told the trial court that he had not been audited but that he had communicated with the IRS

about Appellant's claim. In the trial court's letter ruling, the trial court stated as follows: "The Court declines to enter an order concerning an alleged federal income tax liability for 2014, leaving that matter to federal law."

Reviewing the evidence offered at trial, Appellant did not establish as a matter of law that Appellee committed tax fraud or that his conduct with the 2014 tax return constituted cruel treatment. As with Appellant's ground for seeking a new trial, her claims were dependent on the trial court determining that her allegations were credible. As the factfinder, the trial court was the sole judge of the credibility of the witnesses, and it was free to resolve any inconsistencies in the testimony. *See Iliff v. Iliff*, 339 S.W.3d 74, 83 (Tex. 2011). Appellee's testimony supported the trial court's finding against cruel treatment as a ground for divorce. Furthermore, the evidence supporting the trial court's finding against cruel treatment was not against the great weight and preponderance of the evidence. Accordingly, we conclude that the trial court did not abuse its discretion in declining to grant a divorce on the ground of cruel treatment.

We also find no abuse of discretion in the trial court's division of the community property estate. Although Appellant claims that "[t]he [trial] court shifted the community assets to bankrupt [Appellant] all on its own to a degree not even sought by [Appellee]," there is no evidence in the record to support her claim that she only received "$0.1 million of the $2.2 million estate" while being "ordered to pay all of the couple's *community* debt." We note that the trial court divided Appellee's retirement benefits and deferred income account 50/50 between the spouses. Accordingly, the trial court did not abuse its discretion in its division of the community property estate. We overrule Appellant's second issue.

In her third issue, Appellant contends that the trial court erred by not finding that Appellee committed fraud on the community. She bases this contention on the

8

allegation that Appellee violated their Rule 11 agreement regulating their expenditure of funds during the pendency of the divorce.

A fiduciary duty exists between spouses regarding the community property each controls. *Zieba v. Martin*, 928 S.W.2d 782, 789 (Tex. App.—Houston [14th Dist.] 1996, no writ). The breach of this duty is termed "fraud on the community," a judicially created concept based on the theory of constructive fraud. *Id.* "Fraud on the community" and "constructive fraud" are essentially the same tort. *In re Marriage of Moore*, 890 S.W.2d 821, 827 (Tex. App.—Amarillo 1994, no writ). It is constructively fraudulent for one spouse to dispose of the other spouse's interest in community property without that spouse's knowledge or consent. *In re Marriage of DeVine*, 869 S.W.2d 415, 428 (Tex. App.—Amarillo 1993, writ denied).

Appellant raises multiple arguments as part of her third issue. First, Appellant contends that Appellee's alleged tax fraud constituted fraud on the community because "[f]ederal tax evasion is fraudulent as between all citizens, whether married or not. Making your lifetime partner an unwilling party to federal tax fraud and then blackmailing her to keep quiet about it violated the confidence and trust and breached [Appellee's] fiduciary duties with regard to their community property interests." As discussed above, Appellee provided testimony denying Appellant's allegations of tax fraud.

Second, Appellant claims that Appellee violated their Rule 11 Agreement and Agreed Mutual Temporary Injunction during the pendency of the divorce without first seeking permission to do so. Appellant argues that Appellee "did not use good faith and frankness in his dealings with [Appellant] . . . over the agreement to mutually enjoin their conduct (spending) during pendency of divorce."

Appellant claims that Appellee "wasted most of [his] ill-gotten gains on a race car and expensive concerts and luxury travel for him and his friends." Appellee testified that he purchased a Corvette prior to filing for divorce but that he sold it

9

back to the dealer prior to trial "as a good faith gesture" when he "saw it was going to end up in divorce." With regard to his other post-separation purchases, Appellee testified at trial that he was "not doing new behavior" and that his expenses related to recreational activities, such as attending Rolling Stones concerts, were not excessive but, rather, what he had "done [his] whole life."

The trial court denied Appellant's plea for a disproportionate share of the parties' estate based on fraud on the community, noting in its letter ruling that it "assigned no value to allegations of wasting or fraud." Based on the evidence offered at trial, the trial court did not abuse its discretion by not finding that Appellee committed fraud on the community. Appellant did not conclusively establish these matters, and Appellee's testimony regarding the tax return and his spending during the pendency of the divorce constituted evidence supporting the trial court's ruling against a finding of fraud by either party. Furthermore, the trial court's "no fraud" finding was not against the great weight and preponderance of the evidence so as to be clearly wrong and unjust. We overrule Appellant's third issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

December 13, 2018                                   CHIEF JUSTICE

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[2];
and Wright, S.C.J.[3]

Willson, J., not participating.

---

[2]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[3]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.